IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,340






EX PARTE CHARLES JOHN SINEGAR, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 92880 IN THE 252ND JUDICIAL DISTRICT COURT


FROM JEFFERSON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated
kidnapping in exchange for ten years' deferred adjudication community supervision. His guilt was
later adjudicated, and he was sentenced to seventy-five years' imprisonment. He did not appeal his
conviction.

 Applicant contended, inter alia, that his adjudication counsel rendered ineffective assistance
because counsel did not move to recuse or disqualify the trial judge from presiding over the
adjudication proceedings. One of the allegations in the State's motion to adjudicate was that
Applicant threatened the trial judge. This Court remanded to the trial court, and adjudication counsel
submitted an affidavit, in which he stated that he discussed the recusal issue with Applicant, and that
it was his belief that Applicant liked the trial judge, denied that his statements were intended as
threats to the trial judge, and had no objection to having the trial judge preside over the adjudication
proceedings.

 While this case was on remand, Applicant moved to recuse and disqualify the trial judge from
considering his habeas application. This Court remanded to the trial court for a ruling on Applicant's
motions. On November 29, 2010, the Presiding Judge of the Second Administrative Judicial Region
signed an order granting the motion to recuse the trial judge from considering his habeas application. 
However, it does not appear that a new judge has been assigned to make findings of fact addressing
Applicant's habeas allegations. Because those allegations are still unresolved, Applicant's habeas
application is still pending in this Court. 

 The Presiding Judge of the Second Administrative Judicial Region of Texas is ordered to
assign a new habeas judge to address the claims raised in Applicant's habeas application, for which
this Court remanded the matter on January 13, 2010. The new habeas judge shall use any means set
out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's
adjudication attorney was deficient in failing to move to recuse or disqualify Judge Walker from
presiding at the adjudication hearing, and, if so, whether counsel's deficient performance prejudiced
Applicant. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: June 15, 2011

Do not publish